**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

David Delgado Resto.

   *Plaintiff*,

    v.     CIV. NO. 11-1350 (PG)

Internal Revenue Service.

   *Defendant*,

**OPINION AND ORDER**

Before this Court is Defendant's motion to dismiss wherein the Defendant requests that the complaint be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, or in the alternative, for improper service. See Docket No. 13. Also, Defendant asserts that the relief Plaintiff seeks is explicitly barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a). After careful review, this Court **GRANTS** Defendant's motion to dismiss. As a result, the above-captioned petition is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 18, 2011, David Delgado Resto (hereinafter "Plaintiff"), filed the above-captioned complaint against the Internal Revenue Service (hereinafter "IRS" or "Defendant"), wherein Plaintiff requested this Court grant an injunction against the IRS. See Docket No. 2. On August 5, 2011, summons was issued for the IRS. See Docket No. 5. This Court granted Plaintiff's motion for appointment of counsel on May 18, 2011, and on October 17, 2011, he was notified of said appointment. See Dockets No. 4, 8. Plaintiff then filed a motion requesting enlargement of no less than sixty (60) days to amend the complaint and serve Defendant. See

Docket No. 10. The aforementioned motion was granted by this Court on November 4, 2011, and Plaintiff was given until January 16, 2012 to amend his pleadings. See Docket No. 11. However, the Plaintiff failed to comply with this deadline, and now the Defendant requests that this Court dismiss the above-captioned complaint. See Docket No. 13.

In its response, Plaintiff asserts that 26 U.S.C. § 7421(a) does not apply to the case at hand inasmuch as the Servicemembers Civil Relief Act (hereinafter "SCRA") was activated once Plaintiff notified the IRS that he was in "military service." Additionally, Plaintiff argues that this Court has jurisdiction insofar as he is a citizen of the United States and a federal question has been presented before this Court. See Docket No. 21.

Subsequently, the IRS filed a reply brief in support of its motion to dismiss. See Docket No. 29. In the same, the IRS further stresses its original arguments while asserting that no provision of law was brought by Plaintiff to sustain the claim that the SCRA prevails over the Anti-Injunction Act. Accordingly, the IRS alleges that the Anti-Injunction Act contains a list of exceptions to its general prohibition and the SCRA is not among them. See Docket No. 29. Also, the IRS asserts that while the SCRA protects service members during their period of "military service," the Plaintiff has been released from service since March 27, 2008. See Docket No. 29.

For the reasons stated below, this Court **GRANTS** Defendant's motion to dismiss.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v.

Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

   "In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations… a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly

incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

### III. DISCUSSION

In its motion, Defendant argues that this Court lacks jurisdiction because the United States has not waived its sovereign immunity for suits such as the above-captioned. Moreover, Defendant claims that any such complaints as the one now before this Court is barred by 26 U.S.C. § 7421(a). See Docket No. 13.

The statute titled Prohibition of Suits to Restrain Assessment or Collection, also known as the "Anti-Injunction Act", states that:

> [e]xcept as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention… In this manner the United States is assured of prompt collection of its lawful revenue." Enochs v. Williams Packing and

Navigation Co, 370 U.S. 1 (1962). In addition, the courts have held that "[i]f a taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks subject matter jurisdiction and must dismiss the complaint." Jensen v. IRS, 835 F.2d 196, 198 (9th Cir. 1987). Once a taxpayer satisfies one of the exceptions to the Act, he is no longer jurisdictionally barred from seeking an injunction. See Perlowin v. Sassi, 711 F.2d 910, 911 (9th Cir.1983). After carefully reviewing the exceptions listed in the statute, this Court finds that none is applicable to the case at hand. In addition, Plaintiff failed to make the required showing in his response. Thus, this Court lacks jurisdiction on the matter asserted by Plaintiff in his complaint.

Also, this Court finds that the SCRA is inapplicable to the case at hand inasmuch as it only protects servicemembers during their period of military service, which, according to the statute refers to: "the period beginning on the date on which a servicemember enters military service and ending on the date on which the servicemember is released from military service or dies while in military service." 50 U.S.C. App. § 511(3). To the extent the Plaintiff is no longer in military service, as he was permanently retired on March 27, 2008 (Docket No. 21-1 at page 9), the protection he seeks is inapposite to his case. As such, Plaintiff's claims must be **DISMISSED**.

## IV. CONCLUSION

In light of the foregoing, this Court **GRANTS** Defendant's motion (Docket No. 12), and it is hereby ordered that the Plaintiff's petition be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1). Final judgment shall be thus entered.

**SO ORDERED.**

In San Juan, Puerto Rico, July 12, 2012.

                                                   S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
                                                   JUAN M. PÉREZ-GIMÉNEZ
                                                   UNITED STATES DISTRICT JUDGE